UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
RANDALL ZANDSTRA,                       :
                          Plaintiff,    :
                                        :     10 Civ. 5143 (DLC)
            -v-                         :
                                        :     OPINION & ORDER
WARDEN JAMES CROSS, ELIZABETH HAAS,     :
MICHAEL TRACY, UNITED STATES MARSHAL    :
SERVICE, UNITED STATES BUREAU OF        :
PRISONS,                                :
                          Defendants.   :
                                        :
----------------------------------------X

Appearances:

For plaintiff:
Randall Zandstra, pro se
#614912
South Woods State Prison
215 South Burlington Rd.
Bridgeton, NJ 08302

For defendants:
Christine Schessler Poscablo
United States Attorney's Office
Southern District of New York
86 Chambers Street
New York, NY 10007

DENISE COTE, District Judge:

    Pro se plaintiff Randall Zandstra ("Zandstra") brings this

lawsuit for compensatory and punitive damages against James

Cross ("Cross"), Elizabeth Haas ("Haas"), Michael Tracey

("Tracey")[1], the United States Marshall Service ("USMS"), and the

United States Bureau of Prisons ("BOP").  After Zandstra was

_____

[1] In the complaint, Zandstra spells Tracey's last name
incorrectly as "Tracy."

sentenced to eleven months' detention for violating the terms of his supervised release, he claims that he was unlawfully held at the Westchester County Jail instead of being transferred to the custody of the BOP, and that he was unlawfully detained for twenty-one days after his sentence expired.  The defendants have moved to dismiss the complaint under Rules 12(b)(1) and (6), Fed. R. Civ. P.  For the following reasons, the motion to dismiss is granted.


<u>BACKGROUND</u>

The following facts are taken from the plaintiff's complaint and are taken to be true for purposes of this motion. <u>LaFaro v. New York Cardiothoracic Group, PLLC</u>, 570 F.3d 471, 475 (2d Cir. 2009) (citation omitted).  On July 19, 2006, Zandstra failed to attend his criminal trial in New Jersey Superior Court, Union County, as required under the conditions of his federal supervised release.  On April 19, 2007, Zandstra was arrested by the USMS for the supervised release violation.  On September 13, 2007, he pleaded guilty and was sentenced by the Honorable Robert W. Sweet ("Judge Sweet") to eleven months of imprisonment.

In his Judgment of September 13, 2007, Judge Sweet stated that Zandstra was to be committed to the custody of the BOP. Instead, Zandstra was held at the Westchester County Jail in the

custody of the USMS until March 12, 2008, when he was transferred to the Metropolitan Correctional Center ("MCC"), a BOP facility in New York, New York.  Zandstra claims that the Westchester County Jail had fewer freedoms, worse medical care, and other unspecified disadvantages compared with BOP facilities.

Zandstra's eleven-month federal sentence ended on March 19, 2008, but he was not released from federal custody on this date. On April 2, Zandstra claims that a USMS employee told his attorney, John Byrnes, that Zandstra was "lost in the system." On April 4, Tracy, an employee of the USMS, and Haas, an Inmate Systems Officer at the MCC, sent a number of emails over their government email accounts arranging for Zandstra's release from the MCC.  These emails indicate that the New York Police Department ("NYPD") had a detainer for Zandstra at this time, and that he was to be released into state custody upon leaving the MCC.  Zandstra was released from the MCC and handed over to "proper authorities" on April 8, 2008.

Zandstra commenced this lawsuit for compensatory and punitive damages on July 6, 2010.  On June 20, 2011, the defendants filed a motion to dismiss.  By Order of September 26, plaintiff was to serve his opposition to the motion to dismiss by October 31.  Zandstra did not file an opposition.

DISCUSSION

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).  In reviewing a motion to dismiss under Rule 12(b)(1), the court "must accept as true all material factual allegations in the complaint, but [is] not to draw inferences from the complaint favorable to plaintiffs."  J.S. ex rel. N.S. v. Attica Cent. Schs., 386 F.3d 107, 110 (2d Cir. 2004) (citation omitted).  "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Morrison v. National Australia Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008) (citation omitted).  A district court may consider evidence outside the pleadings when resolving a motion to dismiss for lack of subject matter jurisdiction.  Id. (citation omitted).

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must "accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor."  LaFaro v. New York Cardiothoracic Group, PLLC, 570 F.3d 471, 475 (2d Cir. 2009) (citation omitted).  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

4

<u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (citation omitted).  The court is "not bound to accept as true legal conclusions couched as factual allegations."  Id. at 1950-51.

Applying this plausibility standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  <u>Id.</u> at 1950.  There must be a "reasonably founded hope that the discovery process will reveal relevant evidence."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 563 n.8 (2007) (citation omitted).  "Plausibility thus depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." <u>L-7 Designs, Inc. v. Old Navy, LLC</u>, 647 F.3d 419, 430 (2d Cir. 2011).

Pleadings filed by <u>pro se</u> plaintiffs are to be construed liberally.  <u>Chavis v. Chappius</u>, 618 F.3d 162, 170 (2d Cir. 2010) (citation omitted).  The rule favoring liberal construction of <u>pro se</u> submissions is especially applicable to civil rights claims.  <u>Hemphill v. New York</u>, 380 F.3d 680 (2d Cir. 2004) (citation omitted).

The complaint does not specify a cause of action.  The Court, however, will construe a <u>pro se</u> plaintiff's complaint liberally to raise the strongest claims.  In this case, the

strongest possible claims consist of common law tort claims
pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b),
2671-2680 ("FTCA") and claims for violation of plaintiff's
constitutional rights pursuant to Bivens v. Six Unknown Named
Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971)
("Bivens").

I.  FTCA Claims

        The Court does not have subject matter jurisdiction over
any FTCA claims against the named defendants, and any such
claims brought against the United States as a substituted party
must be dismissed because the plaintiff has not shown that he
exhausted his administrative remedies.  The FTCA provides a
limited waiver of the federal government's sovereign immunity
against civil actions for damages.  28 U.S.C. § 1346(b)(1).
Pursuant to the FTCA, "a suit against the United States is the
exclusive remedy for a suit for damages for injury or loss of
property 'resulting from the negligent or wrongful act or
omission of any employee of the Government while acting within
the scope of his office or employment.'"  Rivera v. United
States, 928 F.2d 592, 608 (2d Cir. 1991) (quoting 28 U.S.C. §
2679(b)(1)).  Thus, federal employees "are immune from suit on .
. . claims of common-law tort"; the FTCA "makes suit against the
United States the exclusive remedy."  Id. at 609.

The FTCA also "precludes tort suits against federal agencies." Rivera v. United States, 928 F.2d 593, 609 (2d Cir. 1991). The BOP and the USMS are federal agencies. See 28 U.S.C. § 2671. The FTCA claims against the BOP and the USMS are therefore dismissed.

In their memorandum of law in support of their motion to dismiss, the defendants request that the Court substitute the United States for defendants Cross, Haas, and Tracy as the party defendant with respect to any FTCA claims in this action. Upon a petition by a defendant federal employee, a court may substitute the United States for the defendant employee if the court finds that the employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose. 28 U.S.C. § 2679(d)(1), (3). A brief on behalf of the named defendants may serve as such a petition. B & A Marine Co., Inc. v. Am. Foreign Shipping Co., Inc., 23 F.3d 709, 715-16 (2d Cir. 1994).

Zandstra does not claim that the individual defendants Cross, Haas, and Tracy were acting outside the scope of their employment. On the contrary, the facts in the complaint indicate that these defendants are being sued for acts well within the scope of their employment. For example, the caption of the complaint specifies Cross's professional role as "Warden of MCC New York." And in their email exchange on April 4, 2008,

Haas and Tracy discussed how best to arrange for Zandstra's release from the MCC, a task clearly within the scope of employment at the MCC and USMS.  Accordingly, the Court substitutes the United States for defendants Cross, Haas, and Tracy with respect plaintiff's FTCA claims.

To bring suit against the United States pursuant to the FTCA, a plaintiff must show that he has exhausted all administrative remedies.  See McNeil v. United States, 508 U.S. 106, 113 (1993).  "This procedural hurdle applies equally to litigations with counsel and to those proceeding pro se." Adeleke v. United States, 355 F.3d 144, 153 (2d Cir. 2004). Zandstra does not claim to have filed any administrative claim with the BOP or the USMS.  His FTCA claims must therefore be dismissed.

II.  Bivens Claims

Zandstra claims that the defendants violated his Eighth Amendment rights against cruel and unusual punishment by holding him at the Westchester County Jail, which he claims had poorer conditions than BOP facilities, and by detaining him for twenty-one days after his sentence expired.  To the extent plaintiff brings claims against the defendants in their official capacities, these claims must be dismissed for lack of subject matter jurisdiction.

Bivens claims against federal agencies and federal

employees in their official capacities are considered to be
claims against the United States.  See Kentucky v. Graham, 473
U.S. 159.  "Under traditional principles of sovereign immunity,
the United States is immune from suit except to the extent the
government has waived its immunity."  Coulthurst v. United
States, 214 F.3d 106, 108 (2d Cir. 2000).  The United States has
not waived its immunity for damages claims brought pursuant to
Bivens.  See Owen v. City of Independence, 445 U.S. 622, 670
n.12 (1980) (Powell, J., dissenting).

      To the extent plaintiff brings claims against defendants
Cross, Haas, and Tracy in their individual capacities, these
claims must be dismissed for failure to state a plausible claim.
A claim against prison officials based on a prisoner's
conditions of confinement must allege both that the officials
acted with "deliberate indifference," and that conditions were
so grave as to deny "the minimal civilized measures of life's
necessities."  Wilson v. Seiter, 501 U.S. 294, 298 (1991)
(citation omitted).

      Zandstra does not claim that the defendants acted with
deliberate indifference.  If anything, his pleadings show the
defendants attempting to assist him.  The email exchange between
Haas and Tracy, for example, indicates that they were trying to
facilitate his release from the MCC in an expeditious manner.
Zandstra also does not describe prison conditions that denied

9

him "the minimal civilized measures of life's necessities."
He claims only that he was "denied better freedoms, better
medical care . . . , and all other advantages" afforded to
inmates in the custody of the BOP.  His conditions of
confinement claim must therefore be dismissed.

Plaintiff's claim that he was held for twenty-one days
beyond the completion of his sentence must be dismissed on
similar grounds.  As with a claim based upon a prisoner's
conditions of confinement, a claim of prolonged incarceration
must allege both "deliberate indifference" on the part of the
defendants, and a harm that is, objectively, "sufficiently
serious" to constitute an Eighth Amendment violation.  Chance v.
Armstrong, 143 F.3d 698, 702 (2d Cir. 1998); Calhoun v. N.Y.
State Div. of Parole Officers, 999 F.2d 647, 654 (2d Cir. 1993).
As discussed above, the plaintiff does not plead any facts
indicating that the defendants acted with deliberate
indifference.  His claim based upon his delayed release from the
MCC must therefore be dismissed.

It is also worth noting that the plaintiff does not claim
that he should have been released from confinement at the time
his sentence ended on March 19, 2008.  Rather, the pleadings
indicate that Zandstra was released to "proper authorities" in
accordance with a New York Police Department detainer.  His
pleadings on this issue thus amount to an allegation that, for

10

twenty-one days, he was held in a BOP facility rather than being transferred into state custody.  This is not a harm of sufficient magnitude to implicate the Eight Amendment.  Cf. Calhoun v. N.Y. State Div. of Parole Officers, 999 F.2d 647, 654 (2d Cir. 1993) (holding that a five-day extension of an inmate's release date without due process hearing did not violate his Eight Amendment rights).

CONCLUSION

Defendants' June 20, 2011 motion to dismiss is granted, and the complaint is dismissed.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).  The Clerk of Court is directed to enter judgment for defendants and to close the case.

SO ORDERED:

Dated: New York, New York
       February 6, 2012

DENISE COTE
United States District Judge

COPIES SENT TO:

Randall Zandstra
#614912
South Woods State Prison
215 South Burlington Rd.
Bridgeton, New Jersey 08302

Christine Schessler Poscablo
United States Attorney's Office
Southern District of New York
86 Chambers Street
New York, NY 10007